UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR OLIVAS,<br><br>        Petitioner,<br><br>v.<br><br>BILLY WHITFORD, Port Director of Calexico West Port of Entry, Customs and Border Patrol, PETE FLORES, Director of Field Operations, San Diego Field Office, Customs and Border Protection, R. GIL KERLIKOWSKE, Commissioner of Customs and Border Protection, JEH JOHNSON, Secretary of Homeland Security, AND JOHN KERRY, Secretary of State<br><br>        Respondents. | Case No. 14CV1434-WQH(BLM)<br><br>**ORDER GRANTING RESPONDENTS' MOTION FOR PROTECTIVE ORDER AND DENYING PETITIONER'S MOTION TO COMPEL**<br><br>**[ECF NOS. 57 & 58]** |

Currently before the Court is Petitioner's November 14, 2014 Motion to Compel [ECF No.58-1 ("MTC")], Respondent's November 21, 2014 opposition to the motion [ECF No. 60 ("MTC Oppo.")], and Petitioner's November 25, 2014 reply [ECF No. 61 ("MTC Reply")].

Also before the Court is Respondents' November 14, 2014 Motion for Protective Order [ECF No. 57 ("PO Mot.")], Petitioner's November 21, 2014 opposition to the motion [ECF No. 59 ("PO Oppo.")], and Respondents' November 25, 2014 reply [ECF No. 62 ("PO Reply")].

For the reasons set forth below, Petitioner's Motion to Compel is **DENIED** and

Respondents' Motion for Protective Order is **GRANTED**.

## BACKGROUND

The above-entitled matter was initiated on June 12, 2014 when Petitioner filed a petition for writ of habeas corpus and complaint for declaratory and injunctive relief. ECF No. 1 ("Pet."). In his petition, Petitioner alleges that he is a natural born United States citizen who was unlawfully exiled to Mexico approximately three years ago. Id. at 1-2. Petitioner is seeking judicial relief to ensure his return to the United States. Id. at 4. On June 12, 2014, Petitioner filed an "Application for Issuance of Order to Show Cause Pursuant to 28 U.S.C. § 2243." ECF No. 3. On June 16, 2014, United States District Judge William Q. Hayes issued an order requiring Respondents to show cause why Petitioner's petition should not be granted. ECF No. 5. On July 8, 2014, Respondents filed a "Return to Petition for Writ of Habeas Corpus" arguing that (1) this Court lacks habeas jurisdiction as Petitioner is not in custody, cannot name a proper Respondent, and has failed to state a constitutional violation, (2) Petitioner should have invoked 8 U.S.C. § 1503 for consideration of his claim of citizenship, (3) the declaratory relief Petitioner seeks is not available here, and (4) the Court does not have jurisdiction "to enjoin denial of admission or detention." ECF No. 12. Petitioner filed a traverse on July 22, 2014 [ECF No. 15], Respondents filed a sur-reply on August 5, 2014 [ECF No. 16], and Petitioner filed a reply to the sur-reply on August 12, 2014. ECF No. 21.

On August 12, 2014, Respondents filed a "motion to dismiss complaint and drop parties." ECF No. 22. Respondents argue that the "complaint should be dismissed for lack of subject matter jurisdiction because P[etitioner] has not stated a waiver of sovereign immunity" and that if the complaint is dismissed, the Secretary of State, Director of Homeland Security, and the Commissioner of U.S. Customs and Border Protection should be dropped as parties to the case as they would not be properly named habeas respondents. Id. at 1-2. Petitioner opposed the motion on September 12, 2014 [ECF No. 31], Respondents replied on September 19, 2014 [ECF No. 33], Petitioner filed a sur-reply on September 25, 2014 [ECF No. 36], and Respondents filed a reply to the sur-reply on October 23, 2014 [ECF No. 41].

The Court held a telephonic Case Management Conference ("CMC") on August 21, 2014

and granted Respondents permission to file a supplemental answer to the petition for writ of habeas corpus. ECF No. 27. On August 29, 2014, Respondents filed their supplemental response to the petition and the Court issued a Case Management Order Regulating Discovery. ECF Nos. 29 and 30.

On November 4, 2014, counsel for the parties jointly contacted the Court regarding a discovery dispute. In regard to the dispute, the Court ordered that Petitioner file his motion to compel and Respondents file their motion for a protective order on or before November 7, 2014, oppositions to the motions be filed on or before November 14, 2014, and replies to the oppositions, if any, be filed on or before November 18, 2014. ECF No. 49. On November 7, 2014, the parties filed a joint motion to continue the dates by one week. ECF No. 53. The motion was granted that same day. ECF No. 54. In accordance with the Court's briefing schedule, the parties timely filed their respective motions and responses.

On November 5, 2014, Respondents filed a supplemental motion to dismiss for lack of subject matter jurisdiction and to dismiss the action against the Secretary of State for improper venue. ECF No. 48. Petitioner opposed the motion on November 5, 2014 and Respondents replied on November 13, 2014. ECF Nos. 51 & 56.

## **PETITIONER'S MOTION TO COMPEL**

Petitioner's motion to compel concerns Respondents alleged failure to adequately respond to Petitioner's First Set of Requests for Production ("RFPs") that were served on Respondent Customs and Border Protection's ("CBP") on September 19, 2014 and the alleged failure of CBP and Department of State ("DOS") to produce witnesses pursuant to Federal Rule of Civil Procedure ("FRCP") 30(b)(6) in response to Petitioner's September 25, 2014 notices of deposition. MTC at 3. In response to the discovery requests, Respondent CBP objected stating that the RFPs were "irrelevant, overbroad, unduly burdensome to produce, and not reasonably calculated to lead to the discovery of admissible evidence," and that CBP and DOS "are not required to produce 30(b)(6) deponents" as their testimony could only be relevant to Petitioner's constitutional claims. Id.

Petitioner motions the Court for an order requiring Respondents to "(a) produce

documents; (b) permit fact witnesses to give testimony; and (c) designate 30(b)(6) deponents regarding the disputed policies and procedures." Id. at 3. Petitioner argues that the motion is necessary because Respondents have failed to produce responsive discovery such as "documents and deposition testimony concerning policies and procedures related to Defendant Customs and Border Protection's ("CBP") processing of citizenship claims and certain applicants for admission at the border, and (2) the designation of person(s) most knowledgeable pursuant to Federal Rule of Civil Procedure 30(b)(6)." Id. at 2. In support, Petitioner argues that his discovery requests seek information reasonably calculated to lead to the discovery of admissible evidence. Id. at 4. Specifically, Petitioner argues that RFPs 3-5 and 10-12 and the 30(b)(6) deposition testimony are relevant to his claim regarding the violation of his Fifth Amendment due process rights. Id. at 5-6. The discovery seeks information regarding policies and procedures for processing (1) claims of US citizenship at the border, (2) notices to appear for individuals who are refused entry into the US, (3) expedited removals involving claims to US citizenship and expedited removal quotas, and (4) the release of individuals into Mexico without effectuating an expedited removal order on a Notice to Appear. Id. at 6.

In further support, Petitioner argues that it is appropriate for discovery to simultaneously proceed on both his habeas and constitutional claims. Id. at 4. Specifically, Petitioner argues that discovery on his constitutional claims should not be stayed pending resolution of Respondents' motion to dismiss because the motion only seeks to dismiss some of Petitioner's claim and, because many of the deponents at issue have information relevant to both Petitioner's habeas and constitutional claims and a stay will only result in a duplication of discovery efforts. Id. at 5. Finally, Petitioner argues that the propounded discovery is not "special or unduly burdensome" and that since the Court has assumed jurisdiction pursuant to 28 U.S.C. § 2241, "discovery is not confined solely to the narrow questions of where [Petitioner] was born and whether his mother's confession was coerced." Id. at 8.

Respondents contend that the scope of discovery should be limited to the question of Petitioner's citizenship. MTC Oppo. at 2. In support, Respondents note that Petitioner's discovery requests related to his constitutional claims should not be permitted until after a FRCP

26(f) conference and that there is no overlap between Petitioner's constitutional claims and his habeas claims. Id. at 2-4. Respondents recognize a "very limited overlap" between Petitioner's citizenship claims and the fourth cause of action in Petitioner's complaint, but note that Petitioner has several other constitutional claims that have no bearing on the discreet issue of his mother being allegedly coerced. Id. at 5-6.

Petitioner replies that his requests are "clear and unambiguous," reasonably calculated to lead to evidence relevant to his constitutional claims, and are not overly broad. MTC Reply at 4-6. Petitioner also argues that the Case Management Order authorizes discovery on all of Petitioner's claims and that Respondents' position would extend the length of discovery, require duplicate depositions, and "deprive [Petitioner] of relevant information he might use in currently scheduled depositions."[1] Id. at 6.

## RESPONDENTS' MOTION FOR PROTECTIVE ORDER

Respondents request that the Court issue a protective order limiting Petitioner's discovery to that which is "reasonably calculated to lead to relevant evidence in the habeas evidentiary hearing on whether he is a U.S. citizen" until Judge Hayes issues a ruling on the pending motions to dismiss. PO Mot. at 2. Specifically, Respondents request that the 30(b)(6) deposition notices for the Secretary of State and the CBP Commissioner, along with the deposition of CBP Officer Claudia Villarreal, be quashed or held in abeyance until after Judge Hayes's ruling. Id. at 2 and 5. In support, Respondent notes that the intent of the current discovery plan is for limited expedited discovery on Petitioner's claim of citizenship and that the broad scope of Petitioner's discovery "contemplates other causes of action that are now subject to a motion to dismiss." Id. at 3-4.

Petitioner contends that Respondents "fails to meet the high burden for obtaining a protective order" because they merely provide "a single conclusory rationale" in support of the protective order instead of showing good cause or that the discovery would result in undue burden or expense. PO Oppo. at 3-4. Petitioner further contends that the pending motion to

---

[1] Respondents object to Petitioner's reply arguing that "Plaintiff-Petitioner has improperly raised new allegations and attached new exhibits in his reply in support of his motion to compel." ECF No. 63.

dismiss is not grounds for a stay of discovery related to Petitioner's complaint and that bifurcated discovery would be inefficient. Id. at 5-6. Finally, Petitioner contends that discovery should not be limited to the issue of where he was born as the Court has assumed jurisdiction pursuant to 28 U.S.C. § 2241 not 28 U.S.C. § 1252(e)(2). Id. at 7-8. Petitioner notes that even if the Court has assumed jurisdiction pursuant to 28 U.S.C. § 1252(e)(2), discovery on expedited removal policies and procedures is relevant since none of the fact witnesses are able to recall their interactions with Petitioner or his mother. Id. at 9-10.

Respondents reply that Petitioner mischaracterizes their request as a stay of discovery which requires a showing of good cause, when in reality, Respondents' position is that there is no need for a stay because discovery has not yet begun on the non-habeas claims. PO Reply at 2. In support, Respondents note that they have not answered the complaint and there has been no conference under FRCP 26(f), no Early Neutral Evaluation Conference, or a discovery plan with respect to the complaint. Id.

## DISCUSSION

The crux of both motions is whether the current case management order governs all issues raised in Petitioner's constitutional claims and habeas claim (as Petitioner argues) or only the habeas claim (as Respondents argue). While the Court's past orders are not entirely clear, the Court concludes that the current case management order only governs the habeas claim.

On August 14, 2014, Judge Hayes issued the following order:

> IT IS HEREBY ORDERED that Respondents' request that the Petition for Writ of Habeas Corpus ("Petition") be dismissed for failure to name the proper respondent is denied. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 n.16 (2004). The Court finds that the Petition adequately alleges a colorable claim of citizenship, and subject-matter jurisdiction exists in this Court. *See* ECF No. 1; *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 711-13 (9th Cir. 2008); *Rivera v. Ashcroft*, 394 F.3d 1129, 1137-40 (9th Cir. 2005). Petitioner's request for an order immediately admitting him to the United States without restraint pending resolution of his Petition is denied without prejudice. *See Flores-Torres*, 548 F.3d at 713.
>
> IT IS FURTHER ORDERED that this matter is referred to the Magistrate Judge for expedited discovery. The parties shall contact this Court at the conclusion of discovery for the scheduling of a status conference and an evidentiary hearing.

ECF No. 23 at 1-2. The order only refers to Petitioner's claim of citizenship and does not reference Petitioner's non-habeas claims.

In response to this order, the Court held a telephonic conference with counsel and then required the Government to file a supplemental answer or response to Petitioner's Writ for Habeas Corpus and the parties to file a joint discovery plan. ECF No. 27. Again, the order only addressed the habeas claim, not the constitutional claims. In response to the Court's order, some of the defendants filed a "Response to Petition" in which they responded only to the Habeas Petition and not to the additional claims alleged in the Complaint. ECF No. 30. Similarly, the parties filed a Joint Discovery Plan in which they acknowledged that the current dispute involves the habeas petition and preparation for the anticipated evidentiary hearing regarding Petitioner's claim to U.S. citizenship. ECF No. 28. Finally, the Court notes that none of the Respondents have answered Petitioner's non-habeas claims as the parties have extensively briefed the pending motion to dismiss. See Docket. Accordingly, the pleadings and orders in this case establish that the Court is concerned about the timely resolution of Petitioner's claim to U.S. citizenship and has directed that expedited and focused discovery occur to permit the parties to prepare for and conduct the required evidentiary hearing on that claim. The Court therefore finds that the current scope of discovery is limited to discovery directed to Petitioner's claim of United States citizenship, including his allegation that his mother's statements were coerced.

Petitioner argues that even if discovery is limited to the habeas claim, he should be able to conduct discovery regarding "CBP's policies and procedures regarding how CBP processes expedited removal orders, Notices to Appear, claims for citizenship, and any policies and procedures related to CBP's decision to release an individual into a contiguous country without a Notice to Appear or Expedited Removal order." MTC at 9. Petitioner also argues that his requests "for DOS's policies and procedures concerning determinations of citizenship in connection with passport applications or amendments of a birth certificate are reasonably calculated to lead to admissible evidence regarding his habeas claim." Id. at 10. Finally, Petitioner argues that he is entitled to discovery on a variety of policies and procedures because the fact witnesses "do not remember their interactions with Mr. Olivas or his mother." Id. Respondents disagree and argue that the discovery should be limited to issues relating to

Petitioner's citizenship claims and the alleged coercion of his mother. MTC Oppo. Respondents also note that while they believe the applicable scope of discovery is very limited, they have permitted Petitioner to question relevant government witnesses on topics well beyond the scope of the habeas claim. Id. at 6.

Rule Six of the Rules Governing § 2254 Cases discusses discovery and states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."[2] Accordingly, contrary to Petitioner's position, he is not automatically entitled to the broad discovery permitted under FRCP 26, rather the Court must evaluate the basis for the request and may choose to grant a more limited scope of discovery. Here, the Court does not find that it is appropriate for Petitioner to conduct any and all discovery "reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b)(1). As discussed above, the only claim currently at issue is Petitioner's habeas claim to citizenship and the Court believes that discovery should be narrowly tailored to provide access to information directly relevant to Petitioner's citizenship claim and leave additional discovery regarding Petitioner's related claims and allegations until after the Court rules on the pending motion to dismiss. The Court, therefore, limits discovery to information directly related to Petitioner's habeas claim to citizenship, including his allegation that his mother was coerced into making statements that affect his claim to citizenship, and **DENIES** Petitioner's motion to compel additional discovery on the identified topics, the 30(b)(6) depositions for the Secretary of State and the CBP Commissioner, and the deposition of CBP Officer Claudia Villarreal. Plaintiff can re-serve these discovery requests, if appropriate, after the Court rules on the pending motion to dismiss.

---

[2] Rule Six also applies to petitions that are brought under 28 U.S.C. § 2241. See Rule 1(b) of the § 2254 Rules ("[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"); see also Tanner v. MacDonald, 2011 WL 1598838, *1, fn 2 (D. Hawaii April 27, 2011) (applying Rule 4 of the § 2254 rules to a petition brought under § 2241) (citing Castillo v. Pratt, 162 F. Supp.2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241; United States v. Recinos–Gallegos, 151 F. Supp.2d 659 (D. Md. 2001) (dismissing petition construed as falling under § 2241 pursuant to Rule 4). See also Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F. Supp. 605, 608 n. 2 (D.N.J. 1998) ("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to [§ 2241] as well as [§ 2254.]").

Petitioner also argues that the habeas discovery should include the "cause of [Petitioner's] restraint" and not just information regarding his citizenship or the alleged coercion of his mother. PO Oppo. at 7. The Court disagrees and finds that discovery concerning the cause of Petitioner's restraint is most relevant to Petitioner's constitutional claims and will be handled when discovery opens on those claims. Petitioner's request to compel discovery on the restraint issue is **DENIED**.

Finally, Petitioner argues that he should be able to conduct a discovery on a variety of policies and procedures because the witnesses do not remember their interactions with Petitioner. MTC at 10; PO Oppo at 9-10. The parties disagree on whether the witnesses were able to recall their interactions with Petitioner and his mother. PO Oppo at 9-10; see also PO Reply at 3. Petitioner alleges that he is entitled to discovery on the "policies and procedures for expedited removal and claims to citizenship at the border" because it is the only way for Petitioner to corroborate his claims since Respondents have failed to produce any witnesses who recall interacting with Petitioner and his mother. PO Oppo. at 9. Petitioner cites to portions of deposition testimony from Mr. Grizzle (former acting manager of Ciudad Juarez Consulate's Fraud Prevention Unit) and Officer Othon (Customs and Border Patrol Agent who interviewed Petitioner) in support. Id. Respondents counter that the deposition testimony shows that "Mr. Grizzle does remember in great detail the procedures that were followed to interview []Petitioner's mother" and that Officer Othon did "recognize her written reports and . . . does recall the procedures that she followed to obtain a sworn statement from []Petitioner."[3] PO Reply at 3. Although the parties have not provided sufficient deposition transcripts to enable the Court to resolve this factual dispute, the Court finds that testimony regarding the interactions between government employees and Petitioner or his mother regarding Petitioner's place of birth or citizenship is relevant to the pending habeas claim. If a deponent is unable to recall his or her interactions with Petitioner or his mother, Petitioner may question the deponent about the

---

[3] This is somewhat confusing as Respondents state in their motion for the protective order that "Officer Othon has no recollection of the events, but the A-File contains Petitioner's sworn statement and two sentences in an incident report about the conversation with his mother about where he was born and about her statement at the U.S. consulate in Juarez, Mexico." PO Mot. at 5.

policies and procedures that would have governed his or her interactions/questioning of the individuals. Petitioner is not allowed to conduct additional discovery regarding other policies and procedures during this habeas phase of the litigation.

## CONCLUSION

For the reasons set forth above, the Court holds that the only issue currently subject to discovery is Petitioner's habeas claim to United States citizenship and that current discovery is limited to evidence directly impacting Petitioner's habeas claim to citizenship and his allegation that his mother was coerced into making statements that affect his claim to citizenship. In the event Petitioner is deposing a fact witness who has no recollection of his or her interactions with Petitioner or his mother, this limitation includes deposition questions regarding policies and procedures that would have been followed in conducting the relevant interactions. Any discovery beyond these narrow topics is not allowed at this time. Accordingly, Petitioner's motion to compel additional discovery is **DENIED** and Respondents' motion for a protective order is **GRANTED**. Once the Court rules on the pending motion to dismiss and defendants answer a complaint, the Court will consult with the parties and issue a new case management conference order governing discovery on the remaining issues.

**IT IS SO ORDERED.**

DATED: December 11, 2014

BARBARA L. MAJOR
United States Magistrate Judge