# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR OLIVAS,<br><br>    Plaintiff-Petitioner,<br>v.<br>BILLY WHITFORD, Port Director of Calexico West Port of Entry, Customs and Border Patrol, PETE FLORES, Director of Field Operations, San Diego Field Office, Customs and Border Protection; R. GIL KERLIKOWSKE, Commissioner of Customs and Border Protection; JEH JOHNSON, Secretary of Homeland Security; and JOHN KERRY, Secretary of State,<br><br>    Defendants-Respondents. | CASE NO. 14cv1434-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion for entry of Judgment under Rule 54(b) (ECF No. 171) filed by Plaintiff-Petitioner Oscar Olivas.

On June 12, 2014, this matter was initiated when Plaintiff-Petitioner filed a Petition for a Writ of Habeas Corpus and Complaint for declaratory and injunctive relief. (ECF No. 1). In addition to the request for habeas relief, Plaintiff-Petitioner alleged four claims: (1) Right of U.S. Citizen to Return to United States under the Fifth and Fourteenth Amendments and the Non-Detention Act; (2) Right of U.S. Citizen Against Unlawful Detention under the Fifth and Fourteenth Amendments and the Non-Detention Act; (3) Violation of Fifth Amendment (Procedural Due Process); and (4)

1  Violation of Fifth Amendment (Substantive Due Process).[1]

2  On June 28, 2016, the Court issued an Order denying the Petition for Writ of
3  Habeas Corpus. (ECF No. 167).

4  On July 21, 2016, Plaintiff-Petitioner filed a motion for entry of judgment under
5  Federal Rule of Civil Procedure 54(b). (ECF No. 171). Plaintiff-Petitioner requests
6  that the Court enter judgment on the Petition for Writ of Habeas Corpus and the first
7  and second claims of the Complaint, asserting that the first and second claims were
8  "effectively disposed of" in the June 28, 2016 Order and are not independent of the
9  habeas claim. (ECF No. 171-1 at 2).

10  On August 8, 2016, Defendants-Respondents filed a response to the motion for
11  entry of judgment. (ECF No. 175). Defendants-Respondents do not oppose the motion
12  for entry of judgment on the denial of the habeas claim. However, Defendants-
13  Respondents oppose the request for entry of Rule 54(b) judgment on the first and
14  second causes of action because the claims have not been adjudicated. On August 15,
15  2016, Plaintiff-Petitioner filed a reply. (ECF No. 176).

16  Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents
17  more than one claim for relief . . . the court may direct entry of a final judgment as to
18  one or more, but fewer than all, claims or parties only if the court expressly determines
19  that there is no just reason for delay." Fed. R. Civ. P. 54(b).

20  The Court concludes that the first and second claims have not been adjudicated
21  and therefore a judgment cannot be entered on claims one and two. The inability of
22  Plaintiff-Petitioner to enter the United States while issues related to his claims to
23  citizenship remain unresolved is a significant factor. However, the four remaining
24  claims have not been adjudicated and present issues intertwined with the habeas claim

---

[1] Magistrate Judge Barbara L. Major stayed discovery on the four non-habeas claims pending the resolution of the habeas claim (ECF No. 88), however, a stay of the case has not been entered on claims one through four.

1  to such an extent that resolving all claims prior to an appeal will serve the interests of
2  justice.
3        The Court concludes that the parties have not demonstrated that resolving the
4  remaining claims would require lengthy delay sufficient to justify granting the Rule
5  54(b) motion. The remaining claims can be resolved expeditiously. The Rule 54(b)
6  motion is denied at this stage in the proceedings. The parties shall file a joint status
7  report regarding the resolution of the remaining claims within seven days of the entry
8  of this Order.
9        IT IS HEREBY ORDERED that the motion for entry of judgment under Rule
10 54(b) (ECF No. 171) is denied.
11       IT IS FURTHER ORDERED that the parties shall file a status report regarding
12 the resolution of the remaining claims within seven (7) days of the entry of this Order.
13 DATED: August 23, 2016

*[signature: William Q. Hayes]*
**WILLIAM Q. HAYES**
United States District Judge