# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR OLIVAS,<br><br>    Plaintiff-Petitioner,<br>    v.<br>BILLY WHITFORD, Port Director of Calexico West Port of Entry, Customs and Border Patrol, PETE FLORES, Director of Field Operations, San Diego Field Office, Customs and Border Protection; R. GIL KERLIKOWSKE, Commissioner of Customs and Border Protection; JEH JOHNSON, Secretary of Homeland Security; and JOHN KERRY, Secretary of State,<br><br>    Defendants-Respondents. | CASE NO. 14cv1434-WQH-BLM<br><br>ORDER |

HAYES, Judge:

**I. Background**

On June 12, 2014, Plaintiff-Petitioner filed a Petition for a Writ of Habeas Corpus and Complaint for declaratory and injunctive relief against Defendants Billy Whitford, Pete Flores, R. Gil Kerlikowske, Jeh Johnson, and John Kerry. (ECF No. 1). In addition to the petition for habeas relief, Plaintiff-Petitioner alleged four claims: (1) Right of U.S. Citizen to Return to United States under the Fifth and Fourteenth Amendments and the Non-Detention Act; (2) Right of U.S. Citizen Against Unlawful Detention under the Fifth and Fourteenth Amendments and the Non-Detention Act; (3) Violation of Fifth Amendment (Procedural Due Process); and (4) Violation of Fifth

Amendment (Substantive Due Process).[1]

On June 28, 2016, the Court issued an Order denying the Petition for Writ of Habeas Corpus. (ECF No. 167).

On July 21, 2016, Plaintiff-Petitioner filed a motion for entry of judgment under Federal Rule of Civil Procedure 54(b). (ECF No. 171). Plaintiff-Petitioner requested that the Court enter judgment on the Petition for Writ of Habeas Corpus and the first and second claims of the Complaint, asserting that the first and second claims were "effectively disposed of" in the June 28, 2016 Order. (ECF No. 171-1 at 2). Defendants-Respondents opposed the request for entry of Rule 54(b) judgment on the first and second causes of action because the claims have not been adjudicated. (ECF No. 175).

On August 23, 2016, the Court denied the motion for entry of judgment under Rule 54(b). (ECF No. 180). The Court determined that judgment could not be entered on the first and second claims because neither claim had been adjudicated. This Court stated that "the four remaining claims have not been adjudicated and present issues intertwined with the habeas claim to such an extent that resolving all claims prior to an appeal will serve the interests of justice." *Id.* at 2-3. The Court concluded that "the parties have not demonstrated that resolving the remaining claims would require lengthy delay sufficient to justify granting the Rule 54(b) motion." *Id.* at 3.

On August 29, 2016, Plaintiff-Petitioner filed a Notice of Appeal to the Ninth Circuit at to the Order denying his Petition for Writ of Habeas Corpus. (ECF No. 181). On September 6, 2016, the Court ordered both parties to show cause why this case should not be stayed during the pendency of the appeal. (ECF No. 185). On September 12, 2016, Plaintiff-Petitioner filed a response to the order to show cause. (ECF No. 186). Plaintiff-Petitioner stated that he filed the "protective notice of appeal."

---

[1] Magistrate Judge Barbara L. Major stayed discovery on the four non-habeas claims pending the resolution of the habeas claim (ECF No. 88), however, a stay of the case has not been entered on claims one through four.

*Id.* at 1. Plaintiff-Petitioner requested that "the Court adopt the Habeas Order as findings [of] fact and conclusions of law under Fed. R. Civ. P. 52(a) with respect to all claims in the complaint" and "enter final judgment under Fed. R. Civ. P. 58." *Id.* at 4, 5. On September 12, 2016, Defendants-Respondents filed a response to the order to show cause. (ECF No. 187). Defendants-Respondents stated that due to this Court's "findings and conclusions in its June 28, 2016 habeas denial [Doc. 167], this Court lacks subject matter jurisdiction to hear most if not all of Plaintiff-Petitioner's non-habeas claims" under 8 U.S.C. § 1252(g). *Id.* at 2.

On September 26, 2016, the Ninth Circuit Court of Appeals issued an order stating, in part,

> It appears that the USDC's order challenged in this appeal may not have disposed of the action as to all claims and all parties. Within 21 days after the date of this order, appellant shall move for voluntary dismissal of this appeal or show cause why it should not be dismissed for lack of jurisdiction.

(ECF No. 193). On September 20, 2016, Plaintiff-Petitioner filed a supplemental brief in response to the order to show cause requesting that the Court "adopt its [Order denying the Petition for Writ of Habeas Corpus] as findings of fact and conclusions of law and enter judgment against Plaintiffs on all claims" pursuant to Rule 52 and 58 of the Federal Rules of Civil Procedure. (ECF No. 196 at 1,3).

**II. Discussion**

The Supreme Court has held that jurisdiction is transferred from a district court to a court of appeals upon filing of a notice of appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Visioneering Constr. & Dev. Co. v. United States Fidelity & Guar.*, 661 F.2d 119, 124 n. 6 (9th Cir. 1981) ("Once a notice of appeal is filed jurisdiction is vested in the Court of Appeals, and the trial court thereafter has no power to modify its judgment in the case or proceed further except by leave of the Court of

Appeals.").

Plaintiff-Petitioner requests that this Court adopt the Habeas Order as "findings [of] fact and conclusions of law under Fed. R. Civ P. 52(a) with respect to **all claims** in the complaint." (ECF No. 186 at 4; *see also* ECF No. 196 at 3) (emphasis added). The Court concludes that Plaintiff-Petitioner's non-habeas claims have not been adjudicated and therefore a judgment cannot be entered as to all claims in the Complaint.

On August 23, 2016, the Court denied the Rule 54(b) motion filed by Plaintiff-Petitioner because Plaintiff-Petitioner requested an entry of judgment for two claims that had not yet been adjudicated. (ECF No. 180 at 2). Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Even if a request for entry of judgment under Federal Rule of Civil Procedure 54(b) may have been appropriate for the habeas claim, the Notice of Appeal filed by Plaintiff-Petitioner on August 28, 2016 transferred jurisdiction from this Court to the Ninth Circuit Court of Appeals.

Petitioner-Plaintiff contends that this Court has the jurisdiction to enter a judgment pursuant to Rule 52 and Rule 58 of the Federal Rules of Civil Procedure. (ECF No. 186 at 4-5; ECF No. 196 at 2). Plaintiff-Petitioner contends that, "If the Habeas Order is appealable as final, this Court retains jurisdiction to take action in aid of appellate jurisdiction." (ECF No. 186 at 3). The authority cited by Plaintiff-Petitioner fails to establish that this Court has jurisdiction to enter judgment according to Rule 52 and 58 at this stage in the proceedings. In *In re Silberkraus*, the court recognized "an exception to the general rule [that the filing of a notice of appeal generally divests the trial court of jurisdiction] where the district court aids us in our review." 336 F.3d 864, 869 (9th Cir. 2003). The exception allowed a bankruptcy court to retain "jurisdiction to publish its written findings of fact and conclusions of law [after

the notice of appeal was filed] because they were consistent with the court's oral findings" made before the notice of appeal was filed and because the findings aided the appellate court's review. *Id. In re Silberkraus* does not establish that this Court retains the jurisdiction to adopt the Habeas Order as findings of fact and conclusions of law and enter judgment on all claims, including those that have not been adjudicated. *See also Davis v. United States*, 667 F.2d 822 (9th Cir. 1982) (recognizing the same exception by which a "district court may act to assist the court of appeals in the exercise of its jurisdiction" but holding that a post-appeal motion to file an amended complaint did not fall within this exception).

The Court concludes that the Plaintiff-Petitioner's filing of the Notice of Appeal divested this Court of jurisdiction to adjudicate related claims and enter judgment. This Court cannot proceed further except by leave of the Court of Appeals.

**III. Conclusion**

This case shall be stayed during the pendency of the appeal.

DATED: October 27, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge