# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR OLIVAS, <br><br> Plaintiff, <br> v. <br> BILLY WHITFORD, Port Director of Calexico West Port of Entry, Customs and Border Patrol; et al., <br><br> Defendants. | CASE NO. 14cv1434-WQH-BLM <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the motion to dismiss or for summary judgment filed by Defendants. (ECF No. 209).

## I. Background

On June 12, 2014, Plaintiff filed a "Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" against Defendant federal officials. (ECF No. 1). The Complaint for Declaratory and Injunctive Relief alleged the following four claims: (1) Right of U.S. Citizen to Return to United States under the Fifth and Fourteenth Amendments and the Non-Detention Act; (2) Right of U.S. Citizen Against Unlawful Detention under the Fifth and Fourteenth Amendments and the Non-Detention Act; (3) Violation of Fifth Amendment (Procedural Due Process); and (4) Violation of Fifth Amendment (Substantive Due Process). In addition to habeas relief, Plaintiff asserted jurisdiction under 28 U.S.C. § 1331 (federal question), "28 U.S.C. §§ 2201-02 (declaratory relief), Federal Rule of Civil Procedure 65 (injunctive relief), and the Fifth and Fourteenth Amendments to the U.S. Constitution." (ECF No. 1 at 4). The

Complaint named as Defendants two local Customs and Border Patrol officials, the Commissioner of Customs and Border Patrol, the Secretary of Homeland Security, and the Secretary of State.

On June 28, 2016, the Court issued an Order denying the Petition for Writ of Habeas Corpus. (ECF No. 167).

On July 21, 2016, Plaintiff filed a motion for entry of judgment under Federal Rule of Civil Procedure 54(b). (ECF No. 171). On August 23, 2016, the Court denied the motion for entry of judgment under Rule 54(b). (ECF No. 180). The Court stated that "the four remaining claims have not been adjudicated and present issues intertwined with the habeas claim to such an extent that resolving all claims prior to an appeal will serve the interests of justice." *Id.* at 2-3. The Court concluded that "the parties have not demonstrated that resolving the remaining claims would require lengthy delay sufficient to justify granting the Rule 54(b) motion." *Id.* at 3.

On August 29, 2016, Plaintiff filed a Notice of Appeal of the Order denying his Petition for Writ of Habeas Corpus in the Court of Appeals for the Ninth Circuit. (ECF No. 181).

On September 6, 2016, this Court ordered both parties to show cause why this case should not be stayed during the pendency of the appeal. (ECF No. 185).

On October 27, 2016, this Court stayed the case during the pendency of appeal. (ECF No. 197). The Court concluded that the filing of a Notice of Appeal divested the Court of jurisdiction to adjudicate related claims and enter judgment. *Id.*

On March 20, 2017, the Ninth Circuit Court of Appeals dismissed the appeal for "lack of jurisdiction because the district court's order was not final as to all claims." (ECF No. 198).

On May 12, 2017, this Court received the Mandate of the Ninth Circuit Court of Appeals as to its March 20, 2017 Order. (ECF No. 204).

On July 10, 2017, Defendants filed a motion to dismiss or for summary judgment. Defendants contend that the remaining four due process challenges in the

Complaint for Declaratory and Injunctive Relief should be resolved in favor the Defendants. Defendants contend that there is no factual basis for Plaintiff's claim that CBP officers removed him from the United States. Defendants contend that there is no legal basis or subject matter jurisdiction for challenging a decision to place an applicant for admission with a claim to United States citizenship in removal proceedings.

Plaintiff "does not oppose entry of final judgment in favor of Defendants on the grounds that the Court has substantially resolved his claims alleging violations of his rights as a U.S. citizen and coercion of his mother and rendered moot his claims alleging a right to a judicial determination on his citizenship claim and a violation of his rights based on Defendants' withholding information from him." (ECF No. 210 at 4). Plaintiff asserts that he has been fully heard on the issue of his citizenship during his habeas evidentiary hearing, that the Court subsequently ruled against him on the issue of his citizenship, and that this ruling forecloses his first and second claims for relief. Plaintiff further states that he "opposes judgment in favor of Defendants on the grounds that he failed to state a claim and that Defendants are entitled to judgment as a matter of law on undisputed facts, or that the Court lacks subject matter jurisdiction." *Id.* Plaintiff states that "the Court has decided or mooted all disputed issues in this case . . [and] does not oppose entry of final judgment." *Id.* at 6.

## II. First, Second and Third Claims for Relief

In the first claim for relief, Plaintiff alleges that Defendants have violated his Fifth and Fourteenth Amendment rights under the U.S. Constitution by "illegally, arbitrarily, and capriciously determining that Plaintiff is not a U.S. citizen[1] and/or removing him to Mexico." (ECF No. 1 at 18). In the second claim for relief, Plaintiff

---

[1] The Court held a four day evidentiary hearing in the habeas proceeding and concluded that "Petitioner has not met his burden to prove that he is being unlawfully excluded from the United States because he is a citizen of the United States by birth." (ECF No. 167 at 39). *See* Plaintiff's Opposition ECF No. 210 ("The Court effectively resolved his first and second claims that Defendants violated his rights as a U.S. citizen under the Fifth and Fourteenth Amendment and the Non-Detention Act.").

alleges that Defendants have violated his Fifth and Fourteenth Amendment rights under the U.S. Constitution and the Non-Detention Act by "illegally, arbitrarily, and capriciously determining that Plaintiff is not a U.S. citizen and asserting the right to detain him should he seek to assert his citizenship-related rights." (ECF No. 1 at 19). *See also* Pretrial Order ECF No. 134 at 4. Plaintiff requests the Court "declare that Plaintiff is a U.S. citizen." *Id.* at 21. In the third claim for relief, Plaintiff alleges that Defendants violated his due process right under the Fifth Amendment by "illegally, arbitrarily, and capriciously determining that Plaintiff is not a U.S. citizen and/or removing Plaintiff from the United States without such judicial determination of his U.S. citizenship." (ECF No. 1 at 20). Plaintiff requests the Court "declare that any order directing or authorizing Plaintiff's removal from the United States was entered in violation of the Due Process Clause of the Fifth Amendment and/or other applicable law and is therefore null and void." *Id.* at 21.

8 U.S.C. § 1252(g) provides in part, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). In *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002), the Court of Appeals stated, "We construe § 1252(g), which removes our jurisdiction over 'decision[s] ... to commence proceedings' to include not only a decision in an individual case *whether* to commence, but also *when* to commence, a proceeding." *See also Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999) (A "challenge to the Attorney General's decision to 'commence proceedings' falls squarely within § 1252(g).").

Plaintiff contends that § 1252(g) does not prevent a challenge from an individual with a colorable claim to U.S. citizenship because it only applies to decisions to commence proceedings "against any alien." Plaintiff further asserts that this claim "does not challenge a decision to commence – or even not to commence – removal proceedings, but rather alleged violations of his rights as a citizen." (ECF No. 210 at

10). This Court concludes that the first, second and third claims for relief fall squarely within the jurisdictional exclusion of § 1252(g). This Court has no jurisdiction to order the Defendants to commence removal proceedings or not to commence removal proceedings against Plaintiff.

Defendants' motion to dismiss the first, second and third claims for relief is granted.

**IV. Fourth Claim for Relief**

In the fourth claim for relief, Plaintiff alleges that Defendants violated his substantive due process right under the Fifth Amendment by "illegally, arbitrarily, and capriciously determining that Plaintiff is not a U.S. citizen and/or removing him to Mexico, . . . by pressuring his mother to make a false statement about his birth, intimidating him following his removal, and willfully withholding information from him regarding his removal." (ECF No. 1 at 20). Plaintiff requests the Court "enjoin Defendants and their officers, agents, servants, employees, attorneys, and/or successors from prohibiting Plaintiff from entering the United States and/or detaining him at or after such entry." *Id.* at 21.

Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331 to support a claim for declaratory and injunctive relief against federal officials for a violation of his constitutional rights. Plaintiff's federal claim for declaratory relief, by itself, does not support federal jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 677, 671 (1950) ("The operation of the Declaratory Judgment Act is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." (internal citation omitted)).

The Complaint alleges a violation of Plaintiff's rights under the "Fifth and Fourteenth Amendments to the U.S. Constitution" against five named federal officials in their official capacity. (ECF No. 1 at 5-6). "An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States." *Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016). "[A]n action

against the sovereign is not maintainable unless consented to." *Lee v. Blumenthal*, 588 F.2d 1281, 1282 (9th Cir. 1979).

Federal courts are courts of limited jurisdiction. *See* U.S. Const. art. III, § 2. "Federal courts ... possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). This Court concludes that the Complaint does not state an adequate jurisdictional basis to support the fourth claim for relief. The fourth claim for relief is dismissed without prejudice.

**V. Conclusion**

IT IS HEREBY ORDERED that the motion to dismiss or for summary judgment filed by Defendants (ECF No. 209) is granted. Based upon the order of the Court filed on June 28, 2016 (ECF No. 167) and this order, the Clerk of the Court shall enter judgment in favor of the Defendants and against Plaintiff as to all claims in this action.

DATED: August 16, 2017

**WILLIAM Q. HAYES**
United States District Judge